FILED

05/01/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 23, 2017 Session

## EMILY GRUBB WADE v. JEREMIAH KENT WADE

**Appeal from the Chancery Court for Loudon County**
**No. 12233      Frank V. Williams, III, Chancellor**

_____

### No. E2016-01426-COA-R3-CV

_____

In this divorce action, the chancery court named Father the primary residential parent of the parties' child. During the pendency of this appeal, Mother filed a dependency and neglect petition in juvenile court, and the juvenile court found the child dependent and neglected and awarded custody to Mother. We, therefore, remand this case to the chancery court to reconsider its decision in light of the juvenile court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Eric S. Armstrong, Cleveland, Tennessee, for the appellant, Emily Grubb Wade.

Jeremiah K. Wade, Lenoir City, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

Emily Grubb Wade ("Mother") and Jeremiah Kent Wade ("Father") were married in November 2010 and have one minor child born in June 2011. Mother filed a petition for divorce in chancery court in May 2014 and Father filed a counter-petition for divorce. In November 2014, the parties agreed to a temporary parenting schedule making Mother the primary residential parent.

---

[1] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

TENN. R. CT. APP. 10.

During the pendency of the divorce proceedings in chancery court, Father filed a dependency and neglect action against Mother in juvenile court. In an order entered on July 15, 2015, the juvenile court found the child dependent and neglected in Mother's custody and made Father the primary residential parent with Mother to have "expanded supervised visitation." Mother also was "not to drive a car with the minor child as a passenger at any time pending further Orders of the Court."

The divorce hearing in chancery court was held on April 20, 2016. The court awarded Father a divorce on grounds of inappropriate marital conduct and designated him as the primary residential parent with Mother having regular parenting time every other weekend. She was not to drive with the child in the car. The court cautioned Mother that "another incident of any sort of drugs, DUI, or anything of that sort" would result in a change in her co-parenting time. The court also cautioned Father "to stay away from alcohol while the child is around and to leave alcohol alone." Mother appealed.

On appeal, Mother argues that the chancery court failed to properly apply the relevant statutory factors in assessing relative parental fitness and erred in making Father the primary residential parent. Mother has also asked this Court to grant three motions to consider post-judgment facts. We deny Mother's first motion to consider post-judgment facts, but grant her second and third motions, which relate to juvenile court proceedings.

In this case, we find that post-judgment facts—in particular, proceedings in the juvenile court—determine the outcome on appeal. Mother filed a dependency and neglect petition against Father in the juvenile court in January 2017 and was awarded temporary custody of the child. On April 4, 2017, the juvenile court entered an "Adjudicatory and Final Custody Order" in which it determined that the child was dependent and neglected while in Father's custody based upon proof that Father committed and pled guilty to the offense of aggravated domestic assault as well as proof of Father's excessive alcohol consumption and neglect of the child's educational needs. The juvenile court awarded "final and permanent custody" of the child to Mother with Father to have supervised visitation. Mother was permitted to drive with the child with no restrictions.

This case is remanded to the chancery court for reconsideration in light of the juvenile court's decision.

CONCLUSION

This matter is remanded to the chancery court with costs of appeal assessed against the appellee, Jeremiah Kent Wade. Execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE